IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| SEAN FIELDS, | 1:23-CV-0041-RAL |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | |
| REV. ULLI KLEMM, et al., | OPINION ON DEFENDANTS' MOTION TO DISMISS |
| Defendants | ECF NO. 13 |

I.  Introduction

Plaintiff Sean Fields, an inmate in the custody of the Pennsylvania Department of Corrections (DOC) at its State Correctional Institution at Albion (SCI-Albion), initiated this *pro se* civil rights action against four named SCI-Albion officials and several John/Jane Doe Defendants. ECF No. 1. According to Fields, he sought a religious accommodation from the DOC so that he could consume a diet containing only meats that have been sacrificed in the name of Allah. *Id.* ¶ 10. Fields avers that, as a practicing Muslim, he is not permitted to eat meats that are not sacrificed in this manner. *Id.* ¶ 12. Defendant Ulli Klemm denied his request on January 24, 2022. *Id.* ¶ 14.

Based on the foregoing, Fields maintains that prison officials have violated his rights under the First and Fourteenth Amendments to the Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA). He seeks monetary damages and an injunction ordering the prison to serve him Halaal meats and provide him with a "Nation of Islam" or

1

"N.O.I." diet or "a Salafi Muslim diet that serves meats slaughtered In The Name of Allah." *Id.* ¶¶ 22(B), 23. In addition to Klemm, Fields has sued Reverend L. Hafeli, SCI-Albion Superintendent Oliver; an individual in the dietary department identified as "Traut," and several John/Jane Doe Defendants.[1] *Id.* ¶¶ 4-9.

Defendants have moved to dismiss all claims against three of the four named Defendants, Hafeli, Oliver, and Traut. ECF No. 13. Fields having filed a response, *see* ECF Nos. 18-19, this matter is ripe for disposition.[2]

II.   Standards of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light

---

[1] Fields has not provided any description of the Doe Defendants.

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Fields is proceeding *pro se*, the allegations in his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a claim upon which relief could be granted, it should do so despite the litigant's failure to correctly identify his claims, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

III. Analysis

To prevail in a § 1983 action, a plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3

(M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Here, Fields references Hafeli, Oliver, and Trout only once in his complaint: in the prefatory section where he identifies the parties. ECF No. 1 ¶¶ 5-7. He does not direct any factual averments at any of these Defendants. Indeed, the only allegation of misconduct in Fields' entire pleading – the denial of his request for a dietary accommodation – is attributed solely to Klemm. ECF No. 1 ¶ 14. In the absence of allegations of personal involvement, Fields has failed to state a claim for monetary relief against Hafeli, Oliver, or Trout. *See, e.g., Gould v. Wetzel*, 547 Fed. Appx. 129 (3d Cir. 2013) (noting that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right); *Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation). Dismissal is warranted.[3]

---

[3] As an aside, the Court notes that Fields has also asserted a claim for prospective injunctive relief in the form of an order directing officials at SCI-Albion to provide him with a religiously appropriate diet. ECF No. 1 ¶¶ 22-23. Claims for prospective injunctive relief do not require the plaintiff to establish the personal involvement of the targeted officials. *See Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) ("Our conclusion that the State

IV.  Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Because it is not clear that amendment would be futile, Fields will be provided with an opportunity to file an amended pleading within thirty days of this memorandum opinion. Fields is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).

V.  Doe Defendants

In addition to the named Defendants, Fields has included two "John or Jane Does" in the caption of his pleading. The only identifying information provided is that one of them works "for or with the DOC" and the other "work[s] for Director/of Treatment." ECF No. 1 ¶¶ 8-9. No factual averments are directed at either individual.

---

Defendants lacked personal involvement in past constitutional violations does not preclude [plaintiff's] from obtaining prospective injunctive relief for ongoing violations."). Rather, "[i]n seeking a prospective injunction against the implementation of an unconstitutional state policy, [a plaintiff] is required to name an official or officials 'who can appropriately respond to injunctive relief.'" *Id.* (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)). *See also Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant is one "responsible for ensuring that any injunctive relief is carried out").

While Hafeli, Oliver, and Trout arguably meet these criteria, claims for prospective injunctive relief must proceed against the appropriate official in his or her official capacity. *See, e.g., Burk v. Eason*, 2021 WL 4192057, at *3 ("Commonwealth officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law.") (citing *Ex parte Young*, 209 U.S. 123 (1908)). Because Fields' complaint exclusively names Hafeli, Oliver, and Trout as Defendants in their individual capacities, *see* ECF No. 1 ¶¶ 4-9, his pleading fails to establish a viable claim for prospective injunctive relief. Fields will have an opportunity to attempt to remedy this deficiency if he elects to file an amended complaint.

Fields is advised that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . .". Fed. R. Civ. P. 4(m). Because the Complaint was filed on February 28, 2023, Mitchell was obligated to identify and serve each Doe Defendant on or before May 28, 2023. *Id*. He has failed to do so. Accordingly, the Court hereby expressly notifies Fields that each of the Doe Defendants will be dismissed from this action, without prejudice, pursuant to Rule 4(m) based on his failure to serve these Defendants unless he shows good cause for this failure within thirty (30) days of the issuance of this memorandum opinion. Fields should include a statement describing the steps that he has already taken to attempt to identify those individuals and a copy of any discovery request (and response, if applicable) that he has sent to the existing Defendants for the purpose of assisting with that identification.

VI.   Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss [ECF No. 13] is granted. If Fields wishes to proceed with his claims against Hafeli, Oliver, and Trout, he must file an amended complaint on or before December 29, 2023. Failure to do so will be construed as a decision to proceed exclusively with a claim for monetary relief against Klemm and result in the entry of an order dismissing all claims against Hafeli, Oliver, and Trout, with prejudice, and termination of these Defendants as parties to this action.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: November 30, 2023